UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| EUGENE A. MOCK | CIVIL ACTION NO. 05-1696 |
| versus | JUDGE STAGG |
| CITY OF BOSSIER CITY, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Tiffin Athletic Mats, Inc. removed this case based on an assertion of diversity jurisdiction. The court is under a continuing duty to inquire into the basis for the exercise of federal jurisdiction, on its own motion if necessary, and should dismiss the complaint if jurisdiction is not present. Carden v. Arkoma Assoc., 110 S.Ct. 1015, 1021 (1990); Torres v. Southern Peru Copper Corp., 113 F.3d 540, 542 (5th Cir. 1997).

Tiffin alleges that the plaintiff is a citizen of Louisiana and that Tiffin is incorporated in and has its principal place of business "in a state other than Louisiana." A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In order to adequately establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these

straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001); Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988).

Tiffin's allegations regarding its own citizenship are inadequate to ensure the existence of diversity. Tiffin will be permitted until **October 28, 2005** to file an Amended Notice of Removal pursuant to 28 U.S.C. § 1653 and attempt to plead its citizenship with specificity.

THUS DONE AND SIGNED in Shreveport, Louisiana on this 6th day of October, 2005.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE